UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Moses Flores, Sr.,

                                                    Plaintiff,

                          -against-

The City of New York, et al.,

                                                    Defendants.

------------------------------------------------------------------X

**ANSWER TOAMENDED COMPLAINT BY DEFENDANTS CITY OF NEW YORK, POLICE OFFICER NELSON DE LA ROSA AND POLICE OFFICER WILFREDO BENITEZ**

15 Civ. 5845 (JGK)

<u>JURY TRIAL DEMANDED</u>

Defendants City of New York, and Police Officers Nelson De La Rosa and Wilfredo Benitez, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:

AS TO "NATURE OF ACTION"

1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4.      Deny the allegations set forth in the second paragraph "4" of the complaint and all its subparts.

5.      Deny the allegations set forth in the second paragraph "5" of the complaint.

6.      Deny the allegations set forth in paragraph "6" of the complaint, except admit plaintiff purports to proceed as stated therein.

AS TO "JURISDICTION"

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to base jurisdiction as stated therein.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to base jurisdiction as stated therein.

AS TO "VENUE"

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to base venue as stated therein.

AS TO "PARTIES"

10.     Deny the allegations set forth in paragraph "10" of the complaint.

11.     Deny the allegations set forth in paragraph "11" of the complaint except admit that the City of New York ("City") is a municipal entity organized under the laws of the State of New York and that the City maintains a police department consistent with all the rules and laws thereof and respectfully refer the Court to the New York City Charter for an accurate recitation of the relationship between the City of New York and the New York City Police Department.

12.     Deny the allegations set forth in paragraph "12" of the complaint and respectfully refer the Court to the New York City Charter for an accurate recitation of the relationship between the City of New York and the New York City Police Department.

13.     Deny the allegations set forth in paragraph "13" of the complaint except admit plaintiff intends to proceed as stated therein, and that William Bratton was the Police Commissioner in July, 2012.

14.     Deny the allegations set forth in paragraph "14" of the complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations relating to defendants "Sally Roes," and admit that plaintiff purports to proceed as stated therein.

15.     Deny the allegations set forth in paragraph "15" of the complaint except admit that defendants Brito, De La Rosa and Benitez were employed by the New York City Police Department on or about July 26, 2012, deny knowledge and information sufficient to form a belief as to the truth of the allegations relating to defendants "John Does," admit that plaintiff purports to proceed as stated therein, and further state that the statement that defendants were acting "under color of state law in the course and scope of their duties and functions" is a conclusion of law, not an averment of fact, and requires no response.

AS TO "STATEMENT OF FACTS"

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint except admit plaintiff went to a screening of Dark Knight Rises on July 26, 2012.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint except admit plaintiff was transported to the 44 Precinct.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.     Admit the allegations set forth in paragraph "50" of the complaint.

51.     Deny allegations set forth in paragraph "51" of the complaint.

        AS TO "FIRST CLAIM"

52.     In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

AS TO "SECOND CLAIM"

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

AS TO "THIRD CLAIM"

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint and respectfully refer the Court to the statute cited for an accurate recitation of the law.

60. Deny the allegations set forth in the second paragraph "57" of the complaint and respectfully refer the Court to the statute cited for an accurate recitation of the laws.

61. Deny the allegations set forth in the second paragraph "58" of the complaint and respectfully refer the Court to the statute cited for an accurate recitation of the law.

62. Deny the allegations set forth in the second paragraph "59" of the complaint.

63. Deny knowledge or information to form a belief as to the allegations set forth in paragraph "60" of the complaint.

64. Deny the allegations set forth in paragraph "61" of the complaint.

65. Deny the allegations set forth in paragraph "62" of the complaint and all its subparts.

66. Deny the allegations set forth in paragraph "63" of the complaint and all its subparts.

67. Deny the allegations set forth in paragraph "64" of the complaint.

68. Paragraph "65" of the complaint is a prayer for relief, not an allegation of fact, thus requires no response.

AS TO "FOURTH CLAIM"

69. In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

70. Deny the allegations set forth in paragraph "67" of the complaint and respectfully refer the Court to the statute cited therein for an accurate recitation of the law.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

73. Deny the allegations set forth in paragraph "70" of the complaint.

74. Paragraph "71" of the complaint is a prayer for relief, not an allegation of fact, thus requires no response.

AS TO "FIFTH CLAIM"

75.     In response to the allegations set forth in paragraph "80"[1] of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

76.     Deny the allegations set forth in paragraph "81" of the complaint.

77.     Deny the allegations set forth in paragraph "82" of the complaint.

78.     Deny the allegations set forth in paragraph "83" of the complaint and respectfully refer the Court to the statute cited therein for an accurate recitation of the law.

79.     Deny the allegations set forth in paragraph "84" of the complaint and respectfully refer the Court to the statute cited therein for an accurate recitation of the law.

80.     Deny the allegations set forth in paragraph "85" of the complaint.

81.     Deny the allegations set forth in paragraph "86" of the complaint.

82.     Deny the allegations set forth in paragraph "87" of the complaint.

83.     Deny the allegations set forth in paragraph "88" of the complaint.

84.     Deny the allegations set forth in paragraph "89" of the complaint.

85.     Deny the allegations set forth in paragraph "90" of the complaint.

## AS TO THE WHEREFORE CLAUSE

86. It and all of its subparts are not averments of fact to which a response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

87. The Complaint fails to state a claim upon which relief can be granted.

---

[1] The complaint does not contain ¶¶s 72-79.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

88. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

89. Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor has Defendant violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

90. Defendants De La Rosa and Benitez have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

91. At all times relevant to the acts alleged in the Complaint, defendants De La Rosa and Benitez acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants De La Rosa and Benitez are entitled to governmental immunity from liability on Plaintiff's state law claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

92. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.* (same as w/ 5th)

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

93. At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, the City of New York is entitled to governmental immunity from liability on Plaintiff's state law claims.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

94. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

95. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

96. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

97. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

98. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

99. To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish Defendant's official duties and to protect their own physical safety and the safety of others.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

100.    Plaintiff provoked any incident.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

101.    Plaintiff may have failed to mitigate damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

102.    Defendant Benitez had no personal involvement in the alleged incident.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

103.    There was probable cause for Plaintiff's arrest, detention, and subsequent prosecution.

### AS AND FOR AN EIGHTENTH AFFIRMATIVE DEFENSE:

104.    The NYPD is not a suable entity.

**WHEREFORE,** defendants City of New York, and Police Officers Nelson De La Rosa and Wilfredo Benitez request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
     November 10, 2016

              ZACHARY W. CARTER
              Corporation Counsel
              of the City of New York
              *Attorney for Defendants*
              100 Church Street, Rm. 3-146
              New York, New York 10007
              (212) 356-2424

              By:  _____/s_____
                  Melissa Wachs
                  Senior Counsel
                  Special Federal Litigation Division

cc:  Poupa Jenny Marashi, Esq. *(Via ECF)*
    *Attorney for Plaintiff*

Docket No. 15 Civ. 5845 (JGK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Moses Flores, Sr.,

Plaintiff,

-against-

The City of New York, et al.,

Defendants.

## ANSWER TO COMPLAINT BY DEFENDANTS CITY OF NEW YORK, AND POLICE OFFICERS NELSON DE LA ROSE AND WILFREDO BENITEZ

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Rm 3-146*
*New York, New York 10007*

*Of Counsel: Melissa Wachs*
*Tel: (212) 356-2424*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................ , 2016*

*....................................................................... Esq.*

*Attorney for ...........................................................*